**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION FOR** |
| | ) | **RECONSIDERATION** |
| vs. | ) | |
| | ) | |
| Ceejay Truffle Siers, | ) | Case No. 1:20-cr-068 |
| | ) | |
| Defendant. | ) | |

On October 16, 2021, defendant filed a motion requesting to be released from custody in order to participate in an inpatient treatment program at the Summit Prairie Recovery Center ("Summit Prairie") in Raleigh, North Dakota. (Doc. No. 431). On October 20, 2020, the court issued an order denying the motion without prejudice, explaining:

> The Court is broadly supportive of treatment for this Defendant, and appreciates his interest in participating in such a program. However, the Court has been advised by the United States Pretrial Services Office that one or more of Defendant's co-defendants are participating in treatment at Summit Prairie, and the Court is not inclined to release defendant into a situation where he would be in close contact with a co-defendant.

(Doc. No. 439).

On November 27, 2020, defendant filed a "Motion to Re-Consider Pretrial Release to Attend His Grandmothers Funeral and Outpatient Treatment."  (Doc. No. 503).  Defendant advises that his grandmother recently passed away.  He requests to be conditionally released to his mother so that he can attend funeral services scheduled for his grandmother on November 30, 2020.  Additionally, he requests that he be permitted to thereafter remain at his mother's residence so that he can perhaps participate in a nearby outpatient treatment program.

The court is not inclined to release defendant at this time.  First, while the court is

1

sympathetic to defendant's loss, it does not view travel from a detention facility to attend the funeral of a family member, particularly in light of the increasing pandemic health risks in North Dakota, as compelling reason for release under the applicable statutes.  Second, while defendant's desire to obtain treatment is laudable, his treatment plan lacks specifics and he has otherwise failed to address the concerns expressed by the court when it first ordered him detained.  Defendant's motion (Doc. No. 503) is therefore **DENIED**.

    **IT IS SO ORDERED.**

    Dated this 30th day of November, 2020.

                                                    */s/ Clare R. Hochhalter*
                                                  Clare R. Hochhalter, Magistrate Judge
                                                  United States District Court